Filed 7/23/24  Vanessa B. v. Eric M. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VANESSA B., <br><br>  Respondent, <br><br> v. <br><br> ERIC M., <br><br>  Appellant. | H051351 <br> (Santa Clara County <br>  Super. Ct. No. 19FL000267) |

**THE COURT\***

Eric M.[1] appeals from renewal of a domestic violence restraining order (DVRO) under the Domestic Violence Prevention Act.  (Fam. Code, § 3200 et seq.)[2]  He asserts various defects in the original DVRO proceeding, alleges misconduct by the trial court and Vanessa B., the protected party, and disputes the sufficiency of the evidence supporting renewal and the trial judge's impartiality.  Because Vanessa has filed no respondent's brief, we decide the appeal on the record and on Eric's opening brief.  (Cal. Rules of Court, rule 8.220(a)(2).)  Finding no error, we affirm.

---

\* Before Grover, Acting P. J., Lie, J., and Bromberg, J.

[1] To protect their personal privacy interests consistent with California Rules of Court, rule 8.90 (b)(1), we identify the parties by first name and, in the first instance, last initial.

[2] Undesignated statutory references are to the Family Code.

# I. BACKGROUND

In 2019, Vanessa filed for divorce and petitioned the trial court for a DVRO protecting herself, her father, and her adult son (from a prior relationship) from Eric. After a hearing, the trial court issued the restraining order.

Vanessa timely applied for renewal of the restraining order, basing her request on her declaration as to "[Eric's] activities" since the original order was issued, which caused her to "fear continued abuse" from Eric. These activities included (1) indirectly contacting Vanessa through his mother; (2) defying a court order to safely transport Vanessa's personal belongings from the couple's home, and instead, destroying the belongings; (3) forging Vanessa's signature on various documents, including a deed to a house and court documents; (4) repeatedly asking Vanessa, through his attorney, to rescind the DVRO; (5) filing frivolous lawsuits against Vanessa to "intentionally disturb [her] mental peace"; and (6) stealing money from Vanessa's son (a protected party). Vanessa asserted that if her renewal request were denied, she feared that Eric's "abuse will increase" and that "he will show up at [Vanessa's] house or begin to directly threaten [Vanessa] as he did so many times in the past."

Eric disputed many of Vanessa's allegations. He denied committing domestic violence against Vanessa, stealing money from Vanessa's son, and destroying Vanessa's belongings. Disputing service of the original DVRO, Eric urged the trial court to set aside the 2019 order and dismiss Vanessa's renewal request.

The matter proceeded to trial in July 2023 before the Honorable Stuart J. Scott. Judge Scott granted the renewal and extended the DVRO for another five years.

Eric timely appealed.

# II. DISCUSSION

## A. *Legal Principles and Standard of Review*

Renewal of a DVRO is authorized under section 6345, subdivision (a), "without a showing of further abuse since the issuance of the original order." The renewal may be

"for five or more years, or permanently, at the discretion of the court." (*Ibid*.) The trial court's ruling on a request to renew a DVRO is reviewed for abuse of discretion. (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.) The trial court's factual findings we review for substantial evidence. (*Parris J. v. Christopher U.* (2023) 96 Cal.App.5th 108, 116 (*Parris J.*).) Under this standard, " '[i]f substantial evidence supports the judgment, reversal is not warranted even if facts exist that would support a contrary finding.' " (*Ibid*.)

On appeal, we are to presume the trial court's order is correct, and it is the appellant's burden to overcome this presumption by affirmatively showing error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Ibid*.) " 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Ibid*.; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [holding that party challenging the judgment "has the burden of showing reversible error by an adequate record"].) Self-represented litigants are held to these same rules of practice and procedure. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

**B.** *The Underlying DVRO*

Eric begins by disputing the validity of the underlying DVRO, arguing that insufficient evidence supported the order in that he never abused Vanessa. But "[i]n challenging a renewal order, the restrained party is not permitted 'to challenge the truth of the evidence and findings underlying the initial order.' " (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 333.) Nor are we permitted to review "issues that could have been

3

raised in an appeal from the original restraining order . . . ." (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1084.)  So our review of the renewal order does not extend to reviewing the correctness of the original order.

**C.**     *Alleged Misconduct of the Trial Court and Vanessa*

Eric asserts as a basis for challenging the renewal order that the trial court and Vanessa each violated the law.

Eric first argues that in granting the renewal, Judge Scott violated California Rules of Court, rule 10.1014 and section 271.  Neither alleged violation provides a basis for challenging the renewal order.  Rule 10.1014 by its terms does not apply to Judge Scott or to the trial court generally:  it "provides a procedure by which any person may submit a contention to the administrative presiding justices regarding an administrative presiding justice or presiding justice related to the administration of a Court of Appeal or a division of a Court of Appeal."  (Advisory Com. comment, Cal. Rules of Court, rule 10.1014(b).)  Because Eric's contentions relate neither to a presiding justice, nor to the administration of this court, his reliance on rule 10.1014 is inapt.

Section 271 is equally inapplicable, governing as it does the conduct of "the parties and attorneys" and the trial court's discretion to award attorney fees and costs as a sanction:  It is not apparent that Eric ever made a request for sanctions under section 271.  Even if he had, he has neither developed a sufficient record nor adequately explained his contention on appeal to establish any abuse of discretion.

Second, Eric argues that the renewal order must be reversed under the False Claims Act (Gov. Code, § 12650 et seq.), because Vanessa made what he characterizes as false and fabricated claims against him in connection with her renewal request.  Eric misunderstands section 12650, which uses the term "claims" not colloquially but as a term of art, to denote monetary claims made to government officials.  (Gov. Code, § 12650, subd. (b)(1) [defining "[c]laim" under the False Claims Act as a "request or demand for money . . . made to any employee, officer, or agent of the state or of any

4

political subdivision"]; accord, *County of Kern v. Sparks* (2007) 149 Cal.App.4th 11, 17.) Because Vanessa's request for renewal of the DVRO is not a monetary claim, the False Claims Act (despite its name) does not provide Eric with a basis for challenging the order on appeal.

Finally, Eric argues that Vanessa would qualify as a vexatious litigant under Code of Civil Procedure section 391.7. The statute defines a "[v]exatious litigant" as a party who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations . . . that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." (*Id.*, § 391, subd. (b)(1).) Eric represents that Vanessa meets these criteria, but nothing in the record supports his assertion. To the extent Eric relies on Vanessa's litigation of the underlying DVRO as evidence of her vexatiousness, she was the prevailing party in that proceeding, so the case was not "determined adversely" to her.

**D.** *Sufficiency of Evidence and Judicial Bias*

Eric challenges the renewal of the DVRO for insufficiency of evidence and for judicial bias, but neither claim provides a basis for relief here.

*1. Insufficiency of Evidence*

"The legal standard for renewal of a DVRO is whether the protected party entertains a reasonable apprehension of future abuse." (*Michael M. v. Robin J.* (2023) 92 Cal.App.5th 170, 179 (*Michael M.*).) In evaluating this question, the trial court "ordinarily should consider the evidence and findings on which the initial DVRO was based." (*Id.* at p. 180.) " '[T]he underlying findings and facts supporting that order often will be enough in themselves to provide the necessary proof to satisfy that test.' " (*Ibid.*) It is "unnecessary for the protected party to introduce or the court to consider actual acts

5

of abuse the restrained party committed after the original order went into effect." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1284.)

As we have explained, Eric may not relitigate the sufficiency of the evidence supporting the original DVRO in this renewal proceeding. But he also contends both that Vanessa failed to establish a reasonable apprehension of future abuse, and that she made false statements in support of her renewal request.

Eric included as part of the record Vanessa's renewal request and supporting declaration, as well as the minute order from the trial. Vanessa's declaration asserted that she "fear[ed] continued abuse from [Eric]," and feared that if her renewal request were denied, Eric's "abuse will increase" and that "he will show up at [Vanessa's] house or begin to directly threaten [Vanessa] as he did so many times in the past." The declaration also outlined specific instances of Eric's concerning behavior since the original DVRO was issued. The minute order from July 2023 indicated that on the day of trial, the court heard testimony from both Eric and Vanessa and reviewed exhibits submitted on Vanessa's behalf before granting the renewal request.

"Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 *(Estate of Fain)*.) As applied here, "it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Ibid*.) "In many cases involving the . . . abuse of discretion standard of review . . . a reporter's transcript or an agreed or settled statement of the proceedings will be indispensable." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.)

This is one of those cases. While no court reporter was present for the trial, Eric could have proceeded by settled statement. (See Cal. Rules of Court, rule 8.120(b).) He

6

did not do so.[3]  We discern no error on the face of the renewal order.  Assuming Vanessa testified in a manner consistent with her declaration regarding her fear of future abuse, there was sufficient evidence that she "entertain[ed] a reasonable apprehension of future abuse" to justify renewal of the DVRO. (*Michael M.*, *supra*, 92 Cal.App.5th at p. 179.) As for Eric's argument that Vanessa made false or fabricated claims, "[c]redibility is an issue for the fact finder," and "we do not reweigh evidence or reassess the credibility of witnesses."  (*Johnson v. Pratt & Whitney Canada, Inc*. (1994) 28 Cal.App.4th 613, 622; see also *Parris J.*, *supra*, 96 Cal.App.5th at p. 116.)[4]

Given the record on appeal, we presume, as we must, that sufficient evidence supported the renewal order.  (*Estate of Fain*, *supra*, 75 Cal.App.4th at p. 992.)

*2.  Judicial Bias*

Finally, Eric contends that the trial judge demonstrated bias toward him during the renewal proceedings.  Preliminarily, it is unclear whether Eric has preserved his judicial bias claim, because we have no record of the oral proceedings to disclose whether Eric objected to the alleged improprieties on which the claim is based.  (See *Moulton Niguel*

---

[3] Eric instead attached certain exhibits to his opening brief that do not appear to have been before the trial court.  (See Cal. Rules of Court, rule 8.204(d) [limiting attachments to "a combined total of 10 pages" consisting of "materials *in the appellate record*" or "relevant local, state, or federal regulations or rules, out-of-state statutes, or other similar citable materials that are not readily accessible" (italics added)].)  We accordingly decline to consider exhibits 1, 2, 4, and 5 and will order those exhibits stricken.  (See *Pulver v. Avco Fin. Servs.* (1986) 182 Cal.App.3d 622, 632 [holding that "documents not before the trial court cannot be included as part of the record on appeal," and "statements in briefs based on matter improperly included in the record on appeal" are to be disregarded].)

[4] Eric disputes service of the original DVRO but does not explain how defective service (if it were established on the appellate record) would bear on the validity of a renewal order.  If this had been part of his argument in the trial court that Vanessa did not reasonably fear a recurrence of any abuse, our standard of review would not permit us to reweigh evidence or the trial court's determination of credibility, even if we had an adequate record of the proceedings.

7

*Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1218 [appellants "did not preserve their claim of judicial bias for review because they did not object to the alleged improprieties and never asked the judge to correct remarks made or recuse himself"].)

Even if preserved, Eric's argument fails on the merits. Arguments for reversal based on judicial bias generally are grounded in the due process clause, "which sets an exceptionally stringent standard." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 589 (*Schmidt*).) "It is 'extraordinary' for an appellate court to find judicial bias amounting to a due process violation. [Citation.] The appellate court's role is not to examine whether the trial judge's behavior left something to be desired, or whether some comments would have been better left unsaid, but to determine whether the judge's behavior was so prejudicial it denied the party a fair, as opposed to a perfect, trial." *(Ibid.)*

Eric contends that the trial judge demonstrated judicial bias when he expressed a lack of concern for how renewal of the DVRO may affect Eric's employment situation, stating, "that does not matter anyway you are retired and disabled." He also contends that the trial judge announced "to another case and party . . . 'I'm in a bad mood today, I am ruling against everyone.' " Finally, Eric argues that the trial judge attempted to conceal his "[b]iased and [u]nruly" behavior by "intentionally" failing to order transcripts of the trial.

We disagree with Eric's premise that it was the trial court's burden to commission transcripts of the trial, or that the absence of a transcript constitutes evidence of bias or concealment. Rather, as discussed, it is Eric's burden to provide an adequate record on appeal and to affirmatively show error. (See *Denham*, *supra*, 2 Cal.3d at p. 564.) And because Eric has provided us with neither a transcript nor a settled statement of the oral proceedings, our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; *Estate of Fain*, *supra*, 75 Cal.App.4th at p. 992.) With no more than the minute

order to memorialize the proceedings, we can see no evidence of judicial bias, let alone judicial bias rising to the level of a due process violation.

Finally, even imputing to the trial judge the comments Eric reports, our conclusion would remain unchanged. As Eric acknowledges, the trial judge's announcement that he was "in a bad mood today" and "ruling against everyone" was not directed toward Eric, but toward "another case and party." As for the trial judge's purportedly dismissing the impact of renewal of the DVRO on Eric's employment—on the ground that Eric was "retired and disabled"—we cannot say that this passing comment on a collateral consequence of renewal was so prejudicial that it denied Eric "a fair, as opposed to a perfect, trial." (*Schmidt*, *supra*, 44 Cal.App.5th at p. 589.) We do not condone the remarks, but they demonstrate no bias or partiality against Eric or for Vanessa.

### III. DISPOSITION

The order granting renewal of the DVRO is affirmed. The clerk of this court is directed to delete from the publicly filed copy of Eric M.'s opening brief exhibits 1, 2, 4, and 5. (Cal. Rules of Court, rule 8.204(d).) Vanessa B. having neither filed a respondent's brief nor otherwise appeared in this appeal, we need not award costs. (Cal. Rules of Court, rule 8.278(a)(5).)

9